# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1006V

```
* * * * * * * * * * * * * * * * * * * * * * * *
CHELSEY ATNIP,                          *
                                        *       Filed:  February 18, 2016
                Petitioner,             *
                                        *
        v.                              *       Petitioner's Motion for a Ruling
                                        *       on the Record; Vaccine Act
SECRETARY OF HEALTH                     *       Entitlement; Denial Without
AND HUMAN SERVICES,                     *       Hearing.
                                        *
                Respondent.             *
                                        *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*David C. Richards*, Christensen and Jensen, P.C., Salt Lake City, UT, for Petitioner.

*Alexis B. Babcock*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On October 17, 2014, Chelsey Atnip filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from an immediate anaphylactic reaction, and subsequently developed Postural Tachycardia Syndrome ("POTS"), mastocytosis, gastroparesis, and / or other conditions, as a result of her reaction to her October 21, 2111, influenza vaccination. *See* Petition at 1 (ECF No. 1). On June 29, 2015, the parties filed a joint statement of completion, indicating that the record was now complete enough to move forward. ECF No. 21.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C.A. § 300aa-10 through 34 (2012)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

Respondent filed her Rule 4(c) report on August 31, 2015, representing that compensation was not appropriate in this case and identifying a number of potential problems with Petitioner's claim. ECF No. 22. Among other things, Respondent questioned the timing of onset of Petitioner's symptoms; Petitioner alleges that she suffered from POTS following her influenza vaccination, but the contemporaneous medical records do not document onset of symptoms consistent with POTS until many months after vaccination. Respondent also noted that to the extent Petitioner alleges that she developed tachycardia following her receipt of vaccination, numerous histories indicate that those particular symptoms actually preceded vaccination. Respondent also questioned the nature of Petitioner's alleged injury, as well as her ability to link that injury to the influenza vaccination that she received. Respondent noted that none of Petitioner's treating physicians appeared to link her condition (however characterized) to vaccination, and Petitioner had not submitted an expert report proposing a medical theory or offering a logical sequence of cause and effect between her vaccination and her alleged injury.

After Respondent filed the Rule 4(c) report, I issued an order directing Petitioner to file an expert report to assist in explaining Petitioner's causation theory (including the issues raised by Respondent) on or before December 11, 2015. However, an expert report in this matter was never filed, and I therefore issued an order on December 18, 2015, requiring Petitioner to file her expert report immediately. Instead, on December 21, 2015, Petitioner filed a motion requesting that I issue a ruling on the record in this case, stating that she believed that she had now submitted all evidence I needed for a ruling. ECF No. 24.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injuries that Petitioner experienced could have been caused by the vaccinations received (*see* § 11(c)(1)(D)(i)).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). Petitioner failed to provide evidence linking her vaccination to her alleged injuries, and has not file an expert report (as directed) that would have aided my determination of the causation issue. Accordingly, in this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master